MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANER GONZALES, *individually and on*
*behalf of others similarly situated,*

*Plaintiff,*

-against-

BLACK THAI INC. (D/B/A BLACK THAI),
GOLDEN THAI INC. (D/B/A GOLDEN
THAI), JOHN VASCONEZ, and JANE DOE,

*Defendants.*
--------------------------------------------------------X

**FIRST AMENDED**
**COMPLAINT**

**Case No. 21-cv-0118**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

       Plaintiff Aner Gonzales, individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Black Thai Inc. (d/b/a Black Thai), Golden Thai Inc. (d/b/a Golden Thai), ("Defendant Corporations"), John Vasconez and Jane Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

### NATURE OF ACTION

    1.    Plaintiff Gonzales is a former employee of Defendants Black Thai Inc. (d/b/a

Black Thai), Golden Thai Inc. (d/b/a Golden Thai), John Vasconez, and Jane Doe.

2.      Defendants own, operate, or control two Thai food restaurants, located at 81-16 Northern Blvd, Jackson Heights, New York 11372 under the name "Black Thai" and at 469 Irving Avenue, Brooklyn, New York 11237 under the name "Golden Thai".

3.      Upon information and belief, individual Defendants John Vasconez and Jane Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Gonzales was employed as a cook at the restaurant located at 81-16 Northern Blvd, Jackson Heights, New York 11372 and 469 Irving Avenue, Brooklyn, New York 11237.

5.      At all times relevant to this Complaint, Plaintiff Gonzales worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiff Gonzales appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Gonzales the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Gonzales to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzales and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Gonzales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Gonzales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gonzales's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Thai food restaurants located in this district. Further, Plaintiff Gonzales was employed by Defendants in this district.

**PARTIES**

14.        Plaintiff Gonzales Aner Gonzales ("Plaintiff Gonzales" or "Mr. Gonzales") is an adult

individual residing in New York County, New York.

15.        Plaintiff Gonzales was employed by Defendants at Black Thai and Golden Thai from

approximately January 15, 2017 until on or about March 12, 2020.

16.        Plaintiff Gonzales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and

brings these claims based upon the allegations herein as a representative party of a prospective class of

similarly situated individuals under 29 U.S.C. § 216(b).


*Defendants*

17.        At all relevant times, Defendants owned, operated, or controlled two Thai food

restaurants, located at 81-16 Northern Blvd, Jackson Heights, New York 11372 under the name

"Black Thai" and at 469 Irving Avenue, Brooklyn, New York 11237 under the name "Golden Thai".

18.        Upon information and belief, Black Thai Inc. (d/b/a Black Thai) is a domestic

corporation organized and existing under the laws of the State of New York. Upon information and

belief, it maintains its principal place of business at 81-16 Northern Blvd, Jackson Heights, New

York 11372.

19.        Upon information and belief, Golden Thai Inc. (d/b/a Golden Thai) is a domestic

corporation organized and existing under the laws of the State of New York. Upon information and

belief, it maintains its principal place of business at 469 Irving Avenue, Brooklyn, New York 11237.

20.     Defendant John Vasconez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Vasconez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Vasconez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Jane Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jane Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jane Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate two Thai food restaurants located in the Jackson Heights section of Queens in New York City and the Ridgewood section of Brooklyn in New York City.

23.      Individual Defendants, John Vasconez and Jane Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.      Each Defendant possessed substantial control over Plaintiff Gonzales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26.      Defendants jointly employed Plaintiff Gonzales (and all similarly situated employees) and are Plaintiff Gonzales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.      In the alternative, Defendants constitute a single employer of Plaintiff Gonzales and/or similarly situated individuals.

28.      Upon information and belief, Individual Defendants John Vasconez and Jane Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

      a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.   At all relevant times, Defendants were Plaintiff Gonzales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gonzales's services.

30.   In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Gonzales is a former employee of Defendants who was employed as a cook.

33.     Plaintiff Gonzales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Aner Gonzales*

34.     Plaintiff Gonzales was employed by Defendants from approximately January 15, 2017 on or about March 12, 2020.

35.      Defendants employed Plaintiff Gonzales as a cook.

36.     Plaintiff Gonzales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Gonzales's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Gonzales regularly worked in excess of 40 hours per week.

39.     From approximately January 15, 2017 until on or about December 2017, Plaintiff Gonzales worked at the Black Thai location from approximately 11:00 a.m. until on or about 11:00 p.m., Tuesdays through Sundays (typically 72 hours per week).

40.     From approximately January 2018 until on or about March 2019, Plaintiff Gonzales worked at the Golden Thai location from approximately 11:00 a.m. until on or about 11:00 p.m., Tuesdays through Sundays and from approximately 11:00 a.m. until on or about 11:00 p.m., 7 days a week for three weeks (typically 72 to 84 hours per week).

41.     From approximately April 2019 until on or about March 12, 2020, Plaintiff Gonzales worked at the Black Thai location from approximately 11:00 a.m. until on or about 11:00 p.m., Tuesdays through Sundays (typically 72 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Gonzales his wages in cash.

43.     From approximately January 2017 until on or about May 2017, Defendants paid Plaintiff Gonzales a fixed salary of $750 per week.

44.     From approximately June 2017 until on or about May 2018, Defendants paid Plaintiff Gonzales a fixed salary of $135 per day.

45.     From approximately June 2018 until on or about March 12, 2020, Defendants paid Plaintiff Gonzales a fixed salary of $950 per week.

46.     Plaintiff Gonzales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzales regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Gonzales an accurate statement of wages, as required by NYLL 195(3).

49.    Defendants did not give any notice to Plaintiff Gonzales, in English and in Spanish (Plaintiff Gonzales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gonzales (and all similarly situated employees) to work in excess of 40 hours a

week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

51. Plaintiff Gonzales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Gonzales not receiving payment for all his hours worked, and resulted in Plaintiff Gonzales's effective rate of pay falling below the required minimum wage rate.

53. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time sheets and payroll records.

54. Defendants paid Plaintiff Gonzales his wages in cash.

55. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gonzales (and similarly situated individuals) worked, and to avoid paying Plaintiff Gonzales properly for his full hours worked.

57. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gonzales and other similarly situated former workers.

59.     Defendants failed to provide Plaintiff Gonzales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60.     Defendants failed to provide Plaintiff Gonzales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal,  or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Gonzales brings his FLSA minimum wage, overtime compensation, and liquidated damages claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Gonzales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including

11

willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half

their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing

to keep records under the FLSA.

63.     The claims of Plaintiff Gonzales stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set forth

herein.

65.     At all times relevant to this action, Defendants were Plaintiff Gonzales's employers

within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire

and fire Plaintiff Gonzales (and the FLSA Class Members), controlled the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 203 (r-s).

68.     Defendants failed to pay Plaintiff Gonzales (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69.     Defendants' failure to pay Plaintiff Gonzales (and the FLSA Class members) at the

applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Gonzales (and the FLSA Class members) were damaged in an amount to

be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gonzales (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.     Defendants' failure to pay Plaintiff Gonzales (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Gonzales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Gonzales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gonzales, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gonzales less than the minimum wage.

78.     Defendants' failure to pay Plaintiff Gonzales the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Gonzales was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME

## PROVISIONS OF THE NEW YORK STATE

## LABOR LAW

80.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gonzales's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Gonzales's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Gonzales was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

84.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to pay Plaintiff Gonzales one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gonzales's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

86.     Defendants' failure to pay Plaintiff Gonzales an additional hour's pay for each day Plaintiff Gonzales's spread of hours exceeded ten hours was willful within the meaning of NYLL

§ 663.

87.     Plaintiff Gonzales was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND

## RECORDKEEPING REQUIREMENTS OF THE NEW

## YORK LABOR LAW

88.     Plaintiff Gonzales repeats and realleges all paragraphs above as though fully set

forth herein.

89.             Defendants failed to provide Plaintiff Gonzales with a written notice, in

English and in Spanish ( Plaintiff Gonzales's primary language), containing: the rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal,  or lodging

allowances; the regular pay day designated by the employer; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; and the telephone number of the

employer, as required by NYLL § 195(1).

90.     Defendants are liable to Plaintiff Gonzales in the amount of $5,000, together with

costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

91.     Plaintiff Gonzales repeats and reallege all paragraphs above as though fully set forth

herein.

15

92.     With each payment of wages, Defendants failed to provide Plaintiff Gonzales with

an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net

wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of

regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Gonzales in the amount of $5,000, together with

costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzales respectfully requests that this Court enter judgment

against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt

issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising

them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in

the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Gonzales and the

FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Gonzales and the FLSA Class

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Gonzales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gonzales and the FLSA Class members;

(f) Awarding Plaintiff Gonzales and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Gonzales and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzales;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gonzales;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gonzales;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gonzales's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Gonzales;

(m) Awarding Plaintiff Gonzales damages for the amount of unpaid minimum wage and

overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Gonzales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding  Plaintiff Gonzales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding  Plaintiff Gonzales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Gonzales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gonzales demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
          June 15, 2021

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                    By:            /s/ Michael Faillace
                                   Michael Faillace [MF-8436]
                                   60 East 42nd Street, Suite
                                   4510 New York, New York
                                   10165 Telephone: (212) 317-
                                   1200
                                   Facsimile: (212) 317-1620
                                   *Attorneys for Plaintiff*

19